IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARC WELLS, GP-1705,              )
    Petitioner,                   )
                                  )
    v.                            )   2:09-cv-1705
                                  )
EDWARD RENDELL, et al.,           )
    Respondents.                  )

Memorandum and Order

Mitchell, M.J.:

Marc Wells has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Wells is presently incarcerated at the State Correctional Institution at Pittsburgh serving a three to six years sentence imposed upon his plea of guilty to criminal changes in the Court of Common Pleas of Allegheny County, Pennsylvania.[1] This sentence was imposed on March 5, 2006.[2] No appeal or post-conviction relief was pursued.[3]

In the instant petition which was executed on January 12, 2010 pursuant to Court mandate, Wells contends he is entitled to relief on the grounds that "I was wrongly charged and

---

[1] In his petition, Wells fails to identify the charges or the county docket number.

[2] All factual recitations are taken directly from the petition.

[3] See: Petition at ¶¶ 9(g) and 10.

1

convicted."[4]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

---

[4] See: Petition at ¶ 12.

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application" clauses have independent meaning.

Additionally, in Coleman v. Thompson, 501 U.S. 722, 750 (1991), the Court held:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

In the instant case, it is readily apparent that the petitioner has failed to exhaust the state

court remedies which were available to him and no fundamental miscarriage of justice has occurred, and for this reason he is barred from proceeding here.

Additionally, the instant petition is clearly time barred since it became final on April 7, 2006 when the time in which to appeal expired[5] and the petitioner's first contact with this Court was on December 22, 2009 or almost three and a half years later. 28 U.S.C. 2244(d).

Thus, for either reason or both the petition is subject to dismissal.

An appropriate Order will be entered.

---

[5] See: Pa.R.App.P. 903(a).

ORDER

AND NOW, this 15th day of January, 2010, for the reasons set forth in the foregoing Memorandum, the petition of Marc Wells for a writ of habeas corpus is dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

IT IS FURTHER ORDERED that on or before January 25, 2010, the petitioner show cause, if any, why judgment should not be entered accordingly.

S/ Robert C. Mitchell
United States Magistrate Judge